MERRIMAN S. SMITH, Judge.
About eight o’clock on the morning of September 7, 1948, while driving her Buick automobile west along Gaines Street, in Montgomery, Fayette county, West Virginia, claimant Virginia Palmer became involved in a collision with a national guard truck, the details being as follows. As she approached the armory a national guard truck being driven by sergeant Melvin McDaniel pulled into the lot in front of the armory, and Gaines Street being narrow, claimant noticed that she did not have room to pass, whereupon she stopped her car and lowered the window and called to the driver of the truck to pull up so she might drive by. Instead of driving the truck forward, the truck backed into the left side of her car which was standing still. The affidavit of Sergeant McDaniel was to the effect that his foot slipped off the clutch and the gears being in reverse the truck eased backward into the Buick automobile, crushing the rear door and denting the top and breaking the rear door glass. The estimated cost of repairs was $131,48.
*21 This claim presents a situation wherein there is dual function of government, for under our constitution and under the national defense act of 1916, as amended, there is a dual sharing of the cost in the national guard organization. The national guard is organized in peace time to be totally under the control of the governor of the state, as ex officio commander-in-chief. During such peace time there is a sharing of expense. The state is, under the national defense act, required to furnish armory facilities to recruit organizational units, train the men and determine their responsibilities and activities. The federal government furnishes the equipment and allots the funds to the state to pay drill expense and full-time employe remuneration. The care, operation and maintenance of this equipment, however, is a responsibility of the state for if a vehicle is damaged at the fault of the state, the state must pay for it, and if a vehicle is in collision with another vehicle and the state is at fault, then the state is liable for whatever damages are inflicted upon the adverse vehicle. While the title remains in the federal government, actual possession and complete control is vested in the state. The liability should be imposed upon the agency having complete control and consent, and in the instant claim there can be no doubt but that the state was in complete control and that sergeant McDaniel was acting within the scope of his assigned duties and orders at the time of this accident.
An award in the sum of one hundred thirty-one dollars and forty-eight cents ($131.48) is made by a majority of this court to claimant Virginia S. Palmer.